IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CONNOR A. DAVIS,

    Petitioner,           No. CIV S-11-2831 DAD P

    vs.

COLUSA COUNTY JAIL, et al.,    ORDER AND

    Respondents.        FINDINGS AND RECOMMENDATIONS

_____/

        This action was transferred to this court from the U.S. District Court for the Northern District of California. Petitioner is proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and an application requesting leave to proceed in forma pauperis. Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Therefore, petitioner's in forma pauperis application will be granted.

        The court is required to examine a petition for federal habeas corpus relief before requiring a response to it. See Rules 3 & 4, Rules Governing § 2254 Cases. "If it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal . . . ." Rule 4, Rules Governing § 2254 Cases. Rule 4 "'explicitly allows a district court to dismiss summarily the petition on the merits

1

when no claim for relief is stated.'" O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (quoting Gutierrez v. Griggs, 695 F.2d 1195, 1198 (9th Cir. 1983)).

In his habeas petition, petitioner indicates that he is currently incarcerated at the Colusa County Jail and is waiting trial in the Colusa County Superior Court. Petitioner's four grounds for relief are disjointed and difficult to comprehend. As best as the court can determine, those grounds for relief are: (1) a conflict of interest exists within the "Colusa County Court System[,]" the Colusa County Sheriff, Colusa County Hospital, and Sacramento County Sheriff's Department because they have copies of petitioner's medical malpractice records and passport; (2) a theft has been perpetrated by the U.S. passport agency, the California Department of Corrections and Rehabilitation, Sutter County Sheriff's Department, and other entities because they failed to send information to petitioner in a timely manner; (3) discrimination by Colusa County judges, Colusa County Transit, and the California Department of Corrections and Rehabilitation; and (4) the Federal Drug Administration "chases 'medical marijuana' company when big drug company . . . make medication that is more addictive than the marijuana." (Doc. No 4 at 6-7.)

A petition for a writ of habeas corpus is an available remedy when a prisoner challenges the fact or duration of his custody and a determination of his action may result in the petitioner's entitlement to an earlier release. See Preiser v. Rodriguez, 411 U.S. 475 (1973); Young v. Kenny, 907 F.2d 874 (9th Cir. 1990). Here, none of petitioner's claims appear to challenge his custody or a judgment of conviction entered against him. Therefore, this federal habeas action should be summarily dismissed.

Moreover, to the extent petitioner is seeking to challenging ongoing criminal proceedings in the Colusa County Superior Court, his petition is also subject to summary dismissal. This court is barred from directly interfering with petitioner's ongoing criminal proceedings in state court, except under extraordinary circumstances. See Younger v. Harris, 401 U.S. 37, 46 (1971); Mann v. Jett, 781 F.2d 1448, 1449 (9th Cir. 1985) ("When a state

criminal prosecution has begun the <u>Younger</u> rule directly bars a declaratory judgment action" as well as a section 1983 action for damages "where such an action would have a substantially disruptive effect upon ongoing state criminal proceedings."). Here, petitioner has not alleged that such extraordinary circumstances exist. <u>Younger</u>, 401 U.S. at 48-50. Moreover, petitioner may raise any constitutional claims in his ongoing criminal proceedings in state court. <u>Lebbos v. Judges of the Superior Court</u>, 883 F.2d 810, 813 (9th Cir. 1989) ("Abstention is appropriate based on 'interest of comity and federalism [that] counsel federal courts to abstain from jurisdiction whenever federal claims have been or could be presented in ongoing state judicial proceedings that concern important state interests.'").

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's October 14, 2011 application requesting leave to proceed in forma pauperis (Doc. No. 5) is granted; and

2. The Clerk of the Court is directed to randomly assign this case to a U.S. District Judge.

Also, IT IS RECOMMENDED that this action be summarily dismissed because it plainly appears from the face of the petition that petitioner is not entitled to relief pursuant to 28 U.S.C. § 2254.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, petitioner may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that

/////
/////
/////
/////

failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 9, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
davi2831.sumdism